UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| HONORA WIERZBICKI, as the Special Administer of the Estate of Mary Josephine Jones | * * * * | CIV 11-3021-RAL |
| Plaintiff, | * * | |
| vs. | * * | ORDER |
| THE UNITED STATES OF AMERICA, | * * * | |
| Defendant. | * | |

## I. INTRODUCTION

Plaintiff Honora Wierzbicki ("Wierzbicki") filed a Complaint as the Special Administrator of the Estate of her mother Mary Josephine Jones ("Jones") under the Federal Tort Claims Act, 28 U.S.C. § 1346, alleging that Defendant United States of America ("the Government") was negligent in its care for Jones while Jones was a patient at the Indian Health Services Medical Center at Rosebud, South Dakota ("Rosebud IHS"). Doc. 1. Wierzbicki alleges that Jones was not properly supervised, fell while unattended, and sustained a head injury that ultimately led to her death. Doc. 1. This Court previously entered an Opinion and Order Denying Summary Judgment, Partial Summary Judgment, and Motion to Strike, Wierzbicki v. United States, No. 11-3021-RAL, 2013 WL 1796964 (D.S.D. Apr. 29, 2013), which concerned, in part, whether testimony by Wierzbicki's designated expert witness, Charlotte Sheppard ("Sheppard"), should be stricken for her failure to comply fully with Rule 26 of the Federal Rule of Civil Procedure's requirement to timely disclose her expert opinions. Id. at *11. This Court did not strike Sheppard's testimony at that time, choosing instead to reopen discovery and allow the Government to depose Sheppard about her untimely disclosed opinions. Id. at 11-13.

The Government has now filed a Motion in Limine, Doc. 41, seeking to bar Sheppard

from testifying for another failure to comply with Rule 26 of the Federal Rules of Civil Procedure. For the reasons stated below, this Court grants in part and denies in part the Government's motion.

## II. FACTS

Wierzbicki timely designated Sheppard as her expert witness and timely disclosed her initial report to the Government on August 13, 2012. Doc. 38-1; Doc. 38-2.[1] Sheppard's initial report, however, was a terse and conclusory two-page letter that did not contain a list of the cases in which she has testified. Doc. 19-8; Doc. 38-3. After receiving that initial disclosure of Sheppard as an expert, the Government advised Wierzbicki's counsel that Sheppard's disclosure was incomplete under Rule 26(a)(2)(B) and asked for supplementation. Doc. 38-2; Doc. 43-1. Wierzbicki's counsel and his paralegal spoke with Sheppard in an attempt to develop a case list for the Government. Doc. 46; Doc. 47.

On August 24, 2012, Wierzbicki's counsel disclosed to the Government a document entitled Plaintiff's Supplemental Expert Witness Disclosure ("Supplemental Disclosure"), Doc. 43-2. Sheppard's Supplemental Disclosure stated that "attached . . . is a list of cases in which Ms. Sheppard has testified in over the past four years and cases in which she has previously given deposition testimony." Doc. 43-2 at 1. Attached was a list of fourteen cases "in which [Sheppard's] trial testimony was given." Doc. 43-2 at 3. The attachment then lists three cases "in which [Sheppard's] deposition testimony has been given over the previous year." Doc. 43-2 at 4. The deposition list, however, is followed by a qualifier: "Ms. Sheppard has testified in over one

---

[1] This Court's previous Opinion and Order more fully sets forth the facts, in the light most favorable to Wierzbicki as the non-moving party on summary judgment, regarding Jones's admittance to Rosebud IHS, the care provided to her by Rosebud IHS staff, the circumstances surrounding her fall, her injuries, and the parties' arguments. See Wierzbicki, 2013 WL 1796964.

2

hundred depositions in previous cases, but does not retain an itemized record of the cases or attorneys who retain her services for more than one year." Doc. 43-2 at 4.

During the deposition, the Government's attorney questioned Sheppard about the Supplemental Disclosure. Doc. 43-3. Sheppard stated that she did not prepare the Supplemental Disclosure, that she has never seen the Supplemental Disclosure, and that while the case list appears to be some of the cases in which she has testified, the cases listed are not all of the cases in which she testified recently. Doc. 43-3 at 5-6. The Government asked her to provide a list of cases in which she testified in the previous four years as Rule 26 requires. Doc. 43-3 at 5-7. Sheppard declared that she does not keep a case list at all. Doc. 43-3 at 6. She noted that "[m]any attorneys" for whom she has testified have asked her for such a list and she could not provide it. Doc. 43-3 at 8. Sheppard then declared that she will not begin keeping a case list even after being informed about the requirements of Rule 26 because, as she put it, "I just don't need to keep a list. It's just one more thing that I have to keep track of." Doc. 43-3 at 7-8. This Court heard argument regarding the Government's pending Motion in Limine at a status conference held on August 19, 2013.

## III. DISCUSSION

Federal Rule of Civil Procedure 26(a)(2)(B) requires that an expert witness report contain, among other things, "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." This requirement dates back to a revision in Rule 26 made in 1993. See In re Pioneer Hi-Bred Int'l, Inc., 238 F.3d 1370, 1375 (Fed. Cir. 2001); Nguyen v. IBP, Inc., 162 F.R.D. 675, 679 (D. Kan. 1995). This requirement of Rule 26(a)(2)(B) is included in this Court's Scheduling Order. Doc. 11 at 2-3. It is clear that Sheppard has intentionally chosen not to comply with Rule 26(a)(2)(B) and this Court's Scheduling Order. She

3

does not keep a case list and the case list constructed by Plaintiff's counsel is undisputedly incomplete.

A district court has "broad discretion in maintaining compliance with discovery and pretrial orders . . . ." Williams v. TESCO Servs., Inc., 719 F.3d 968, 976 (8th Cir. 2013). Pursuant to Federal Rule of Civil Procedure 37, "[i]f a party fails to follow the disclosure requirements of Rule 26, the court can prevent the expert from testifying unless the failure to disclose is harmless or substantially justified," Jennings v. Thompson, 792 F. Supp. 2d 1, 6 (D.D.C. 2011) (citing Fed. R. Civ. P. 37(c)(1)), or it may "impose other appropriate sanctions" short of exclusion, Fed. R. Civ. P. 37(c)(1)(C). "'Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'" Doblar v. Unverferth Mfg. Co., Inc., 185 F.R.D. 258, 261 (D.S.D. 1999) (quoting Nguyen, 162 F.R.D. at 680). The United States District Court for the District of Kansas discussed when an expert's failure to maintain a case list is not substantially justified:

> An expert's failure to maintain records in the ordinary course of his business sufficient to allow the disclosures to be made, does not constitute "substantial justification" for the failure to provide required disclosures as to any retained expert expected to testify at the trial of the case. The requirements of the Rule 26(a) are mandatory as to any expert retained to testify. If the expert is unable or unwilling to make the disclosures he should be excluded as a possibility for retention as an expert witness in the case. . . . A party may not simply retain an expert and then make whatever disclosures the expert is willing or able to make notwithstanding the known requirements of Rule 26. The adverse party should not be placed at a disadvantage or be deprived of the full benefits of Rule 26 by the selection of an expert who cannot or will not make the required disclosures.

Nguyen, 162 F.R.D. at 681.

Here, the violation was not substantially justified. To Sheppard, keeping a list of prior

4

testimony in conformity with Rule 26(a)(2)(B) may be just "one more thing that [she] has to keep track of," but that explanation is a rationalization, not a justification. An expert wishing to testify in federal court must make, at least, a good faith effort at compliance. Sheppard, who routinely serves as a paid expert, has intentionally chosen not to keep a list of prior testimony, despite being asked for such a list by "[m]any attorneys." Sheppard's conduct is altogether unjustified and unjustifiable.

Nor is the lack of full disclosure "harmless." The rule's "obvious purpose of providing lists of prior cases is to enable opposing counsel to obtain prior testimony of the expert." Coleman v. Dydula, 190 F.R.D. 316, 318 (W.D.N.Y. 1999). Prior testimony of an expert can be critical to cross-examining the expert and attacking the expert's opinion. Indeed prior testimony may reveal whether the expert is genuine and properly following some scientific method with integrity or simply in the business of expressing whatever opinion is helpful to the party hiring the expert. Deeming an intentional choice by a seasoned expert to flout the requirements of Rule 26(a)(2)(B) to be harmless, moreover, could undercut the purpose of the rule.

The dilemma here is that while Sheppard has acted in intentional disregard of Rule 26(a)(2)(B) and the Scheduling Order, Wierzbicki and her counsel have not. Wierzbicki's counsel and his paralegal sought to compile a list required by Rule 26(a)(2)(B) from information supplied by Sheppard and made an incomplete disclosure not due to their lack of effort but due to Sheppard's inability or choice not to provide all such information. As a technical matter, Sheppard is not bound by the Federal Rules of Civil Procedure and Scheduling Order, but Wierzbicki is. While there is some unfairness in penalizing Wierzbicki for what clearly is her expert's shortcoming, there may be little else to do if Sheppard persists in her attitude that the list of prior testimony from the past four years as required by Rule 26(a)(2)(B) and what has been requested

by "[m]any attorneys" is too much of a bother for her. The Government has done nothing wrong in expecting compliance with Rule 26(a)(2)(B) and the Scheduling Order and ought not to be the party penalized by Sheppard's choice not to do what she plainly should have done long ago in keeping such a list. Sheppard's own state of residence, and one in which it appears that she testifies frequently, is Florida. Doc. 43-2. Florida authorizes a party to obtain from a disclosed expert "[t]he identity of other cases, within a reasonable time period, in which the expert has testified by deposition or at trial." Fla. R. Civ. P. 1.280(b)(5)(A)(iii)(4). Surely her billing records, 1099s, and case files for the past four years allow for her to create a better list than what she divulged to Wierzbicki's counsel and paralegal. Surely, Sheppard would want to avoid the fallout to her business of an opinion and order from a federal court debarring her from testifying.

This case is not yet set for trial, so there remains a means by which the Court can render the partial compliance to be harmless. Of course, this case would be ready for trial but for Sheppard's failure to disclose her past testimony in compliance with Rule 26(a)(2)(B). Rather than barring Sheppard from testifying at this time, this Court will give her and Wierzbicki one final opportunity to comply with Rule 26(a)(2)(B)'s requirements. Sheppard shall supplement her disclosure within twenty-one (21) calendar days from this Opinion and Order to provide as complete a list as she reasonably can based on a review of her business records to list all prior testimony given in the last four years as required by Rule 26(a)(2)(B) and the Scheduling Order. In other words, Sheppard must produce as best she can, which she clearly has not genuinely attempted to date, "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition" or risk being barred from testifying before this Court. Fed. R. Civ. P. 26(a)(2)(B)(v). Requiring this seasoned expert to comply with a rule that dates back at least to 1993 allows the Government to prepare for trial and will aid Sheppard in the

event she is hired to testify in a federal court case in the future. Of course, Sheppard should have kept such a list (or at least records to readily develop such a list) and should bear whatever expense associated with compiling that list on her own.

## IV. CONCLUSION

For the reasons explained in this Opinion and Order, it is hereby

ORDERED that Wierzbicki's Counsel and Sheppard have twenty-one (21) days from the date of this Opinion and Order to comply with Rule 26(a)(2)(B) and produce a list of all other cases in which, during the previous 4 years, Sheppard testified as an expert at trial or by deposition. It is further

ORDERED that the Government's counsel may have 30 calendar days thereafter to decide whether to depose Sheppard anew, which deposition may be by telephone or video conference. It is further

ORDERED that the parties thereafter notify the Court to set a trial date. It is finally

ORDERED that if Wierzbicki and Shepard do not comply, then the Government may file anew its motion for summary judgment.

Dated August 27, 2013.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE